UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:17-cr-20640

v.

HONORABLE STEPHEN J. MURPHY, III

D-4, RON BENSON, JR.,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR REVOCATION OF DETENTION ORDER [203]**

Defendant Ron Benson stands indicted on counts of participating in a racketeering conspiracy and being a felon in possession of a firearm. The conspiracy charge arises from Benson's alleged membership in the Playboy Gangster Crips—a gang the Government accuses of murders, robberies, carjackings, and drug and weapon trafficking. Benson has been detained since October of last year pursuant to a magistrate's determination that he posed so great a danger to the community that no combination of release conditions could reasonably assure the safety of others. He now moves to be released on bond, but for the reasons below, the Court will deny his motion.

**LEGAL STANDARD**

A district judge reviews a magistrate judge's detention order de novo. *United States v. Demarcus Bristuan Fitzhugh*, No. 16-mj-30364, 2016 WL 4727480, at *2 (E.D. Mich. Sept. 12, 2016). "The Court may also consider the record developed before the magistrate in making its determination." *Id.* (quotation omitted).

Under the Bail Reform Act, a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The court considers the nature and circumstances of the charged offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger the defendant's release would pose to any person or the community. 18 U.S.C. § 3142(g).

## DISCUSSION

On October 10 and 11, 2017, Magistrate Judge Majzoub held a detention hearing and subsequently ordered that Benson be detained pending trial. ECF 67, 72. At the hearing, the magistrate judge explained why she was ordering detention. She noted that Benson is accused of participating in an attempted murder in 2011, two carjackings in 2012, and a gunpoint robbery that same year. ECF 201, PgID 751–52. She also noted that the weight of the evidence was strong: social media posts and surveillance recordings captured statements from Benson boasting of his participation in the above crimes and his gang membership. The magistrate judge conceded that Benson did not have a history of failing to appear for court and did have some limited family contacts in the area, but nevertheless found other reasons to disfavor bond; in particular, she noted that Benson admitted to a history of regular marijuana use and had, at the age of 23, worked a total of five months in his entire life. *Id.* at 753. And though he had not always been convicted when charged with crimes, his contacts with the criminal justice system began at the age of 15 and had continued up until the time of the hearing. *Id.*

Benson's motion does not challenge the accuracy of anything the magistrate judge relied upon. Rather, he makes essentially two arguments. First, he "denies having any affiliation" with any gangs, noting that he "has no tattoos, bandana or flags" suggesting gang involvement. ECF 203-1, PgID 765. Second, he notes that although he was charged with a violent crime in the past, the charges were dropped and he was never convicted. His sole conviction, he points out, was for carrying a concealed weapon without a license—a weapon crime, but not a violent one. *Id.*

Outward signs or not, the Government has presented plenty of evidence that suggests Benson's involvement with the gang. The transcripts of Benson's detention hearing identify the evidence and the Government's response brief here is replete with much more. *See generally* ECF 209 (including photographs from Benson's Facebook account depicting marijuana packaged for sale, and Benson himself holding a handgun and flashing the sign for the Playboy Gangster Crips beside other alleged members).

There is also good reason to conclude that Benson would be a danger if released. He may not have many prior convictions, but he now faces serious charges. In its response brief, the Government detailed some of the statements Benson publicly made about dealing in various drugs and weapons—none of which Benson refutes. Moreover, the officers who arrested Benson found an AK-47 in his house and he admitted it was his. And following his arrest, Benson told co-defendants that if he had been elsewhere when the arresting officers came to his house, he would be "on the run[.]" *Id.* at 830.

In sum, the testimony relied upon by the Magistrate Judge Majzoub has not been withdrawn, disproven, or determined false. Having reviewed the record, the Court finds sufficient reasons to keep Benson detained. Because there are no grounds on which to

second guess the well-reasoned conclusions of the magistrate judge, the motion will be denied.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for revocation of the detention order [203] is **DENIED**.

**SO ORDERED**.

                                          s/Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: June 27, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 27, 2018, by electronic and/or ordinary mail.

                                          s/David P. Parker
                                          Case Manager